UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR-06-0179 MHP |
| v. | **DETENTION ORDER** |
| TIMOTHY WAYNE PHILLIPS, | |
| Defendant. | |

This matter came before the Court on March 22, 2006 for a detention hearing. The defendant, Timothy Phillips, is charged with three counts of bank robbery.  In a companion case, CR 03-081 PJH, he is charged with violating the terms and conditions of supervised release.  The defendant was present and represented by Randall G. Knox.  Assistant United States Attorney Jeffrey R. Finigan appeared for the United States of America.

Both parties proceeded by proffer. Prior to the hearing the Court reviewed a Pretrial Services Report from 2003, an Addendum updating the report, and a revocation petition filed

1

by Mr. Phillips' Probation Officer.  Mr. Finigan represented to the Court that he had spoken with defendant's Probation Officer, Lori Santos, and that Ms. Santos was adamantly opposed to release.  Defendant opposed detention.

Because the defendant is charged with a violation of supervised release in CR03-081, the burden of establishing that he is not a flight risk or danger to the community rests with defendant.  Fed.R.Crim.P. 32.1(a)(6); 18 U.S.C. § 3143.

Having considered everything before me in this matter, I find in CR03-081 that defendant has not established by clear and convincing evidence that defendant is not a risk of flight or a danger to the community and I **ORDER** him detained.  I also find in CR06-179 that the government has established by a preponderance of the evidence that defendant is a risk of flight and by clear and convincing evidence that defendant is a danger to the community and I **ORDER** him detained.  In so finding, I have considered the following:

1. The defendant is charged with three counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a).

2. In 2003, the defendant pled guilty to contempt of court and probation violation and was sentenced to 33 months imprisonment to be followed by three years of supervised release.  Defendant began his term of supervised release on January 20, 2006.  Defendant was arrested for the currently pending charges while on supervised release.

3. In addition to the bank robbery charges, the defendant is charged with seven violations of the conditions

1  of his supervised release in case CR 03-00081 PJH.[1]  Some of
2  these violations are tied to the recent charges, including a
3  violation of the condition that defendant not commit any crime
4  while on release and the condition that he notify his
5  probation officer if he is arrested.  Defendant was also
6  arrested for a theft in San Leandro on March 6, 2006, failed
7  to notify his probation officer of his change of residence,
8  tested positive for and admitted to the use of crack cocaine,
9  and failed to submit monthly reports to his probation officer
10 as was required by the terms of his probation.  At the time of
11 his arrest for the instant offense, defendant's probation
12 officer was in the process of obtaining a warrant for his
13 arrest based on these violations.

14        3.   The defendant has resided in the Northern
15 District of California for over thirty years, but does not
16 have a stable residential or employment record.  Defendant is
17 currently transient and unemployed.

18        4.   The defendant has family in Northern California.
19 His parents and brother live in Modesto; a sister lives in
20 Antioch.  When interviewed by Pretrial Services in 2003, the
21 defendant's family was reluctant to supervise him and were not
22 willing to assist him with bail.  No member of his family was
23 present at the hearing.

24        5.   The defendant has used at least nineteen
25 different names, seven different dates of birth, and two
26 different Social Security numbers.

---

[1] The U.S.A. filed a <u>Notice of Related Case in a Criminal Action</u> on March 23, 2006. The cases have not yet been related.

3

6.  Defendant has previously absconded from supervised release on at least three occasions and has repeatedly failed to report to his probation officer as scheduled.

7.  Defendant has attempted suicide on two occasions and was diagnosed as suffering from polysubstance abuse with possible hallucinations, antisocial personality disorder, and chronic depression among other mental health issues.

8.  The defendant's 2003 Pretrial Services Report notes a history of substance abuse beginning at the age of 12. Defendant has previously used illicit substances including marijuana, cocaine, heroin, methamphetamine and LSD.  On January 20, 2006, while on release, defendant tested positive for, and admitted to using, crack cocaine.

9.  The defendant has a lengthy criminal record that includes eleven misdemeanor and ten felony convictions, including criminal contempt of court and multiple bank robberies. His parole has been revoked several times. Defendant is charged with committing three separate crimes during his previous supervised release.  The defendant has spent little time outside of the criminal justice system.  The court has a strong concern that if released, he will commit additional crimes.

10. Defendant did not proffer any conditions of release, nor have any occurred to the court, that would reasonably assure that defendant would make his court appearances and would assure the safety of the community. While his attorney urged defendant's release into the custody

1 | of a halfway house, his parents, or a live-in drug treatment
2 | program, given the risks discussed above, I do not find that
3 | proposal adequate.  I further find that defendant has proven
4 | he is not amenable to supervision.
5 | Therefore, **IT IS ORDERED** that:
6 | (1) The defendant be, and hereby is, committed to
7 | the custody of the Attorney General for a confinement in a
8 | corrections facility separate, to the extent practicable, from
9 | persons awaiting or serving sentences or being held in custody
10 | pending appeal;
11 | (2) The defendant be afforded reasonable
12 | opportunity for private consultation with his counsel; and
13 | (3) On order of a court of the United States or on
14 | request of an attorney for the government, the person in
15 | charge of the corrections facility in which the defendant is
16 | confined shall deliver the defendant to an authorized Deputy
17 | United States Marshal for the purpose of any appearance in
18 | connection with a court proceeding.
19 | March 24, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2006\Phillips.wpd