1

2

3

4                     UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,

8                      Plaintiff,              Case No.  06-cr-00179-PJH-1

9        v.                                    **ORDER DENYING MOTION TO STAY**

10   TIMOTHY WAYNE PHILLIPS,                    Re: Dkt. No. 115

11                      Defendant.

12

13

14          The government has filed a motion to stay the motion of Timothy Wayne Phillips

15   to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 under the

16   holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  The government seeks a

17   stay of the § 2255 motion on the ground that the Supreme Court granted certiorari in

18   *Beckles v. United States*, No. 15-8544, which presents issues raised in defendant's

19   § 2255 motion in light of the holding of *Johnson,* where the Court held unconstitutionally

20   vague the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C.

21   § 924(e)(2)(B)(ii) (defining "violent felony" to include an offense that "otherwise involves

22   conduct that presents a serious potential risk of physical injury to another").  The ACCA

23   residual clause invalidated in *Johnson* is identical to the residual clause of the definition

24   of "crime of violence" in the career offender guidelines, U.S.S.G. § 4B1.2(a)(2).  The

25   Supreme Court granted certiorari review in *Beckles* on the questions whether *Johnson*

26   applies retroactively to collateral cases challenging federal sentences enhanced under

27   the residual clause in U.S.S.G. § 4B1.2(a)(2), and whether *Johnson*'s constitutional

28   holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering

United States District Court
Northern District of California

challenges to sentences enhanced under it cognizable on collateral review.

The government represents that *Beckles* will likely decide the application of *Johnson* to the Guidelines and the retroactivity question presented in defendant's § 2255 motion.  Doc. no. 115.  Defendant promptly filed an opposition to the motion to stay, emphasizing that he would be prejudiced by a stay of his § 2255 motion because if he is granted relief on his *Johnson* claim, he could be resentenced to time served.  Doc. no. 116.  He is serving a 168-month sentence, which was the low end of a career offender guideline, but without the career offender enhancement, his guideline range would have been 92-115 months.  He represents that he has already served 123 months in custody.

In support of his opposition to the stay, defendant cites *Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000), where the Ninth Circuit held that the district court abused its discretion by staying a habeas petition pending resolution of an appeal in a case before the Ninth Circuit presenting similar issues to be decided, *Ma v. Reno*, 208 F.3d 815 (9th Cir. 2000), *vacated by Zadvydas v. Davis*, 533 U.S. 678 (2001).  In reviewing the stay order, the Ninth Circuit noted that "because the stay terminates upon the 'resolution of the [*Ma*] appeal,' if the Supreme Court should grant certiorari to review this court's decision in *Ma*, the stay could remain in effect for a lengthy period of time, perhaps for years if our decision in Ma is reversed and the case is remanded for further proceedings." *Id.* at 1119.  The court in *Yong* reasoned that "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy," and held that "although considerations of judicial economy are appropriate, they cannot justify the indefinite, and potentially lengthy, stay imposed here." *Id.* at 1120-21.

The court carefully considers whether a stay pending resolution of *Beckles* is likely to be resolved without inordinate delay because of the court's duty to adjudicate habeas petitions in a timely manner.  *Yong*, 208 F.3d at 1119-20.  Because a decision in *Beckles* is expected within a year, the government does not seek an indefinite stay.  Unlike the appeal at issue in *Yong* which was subject to further review, the Supreme Court is likely

*United States District Court*
*Northern District of California*

1  to decide conclusively the question presented in *Beckles* whether *Johnson* applies

2  retroactively to collateral challenges to sentence enhancements applied under the

3  residual clause of the guidelines.  However, staying these proceedings pending a

4  decision by the Supreme Court on this threshold question could result in prejudicial delay

5  to defendant, who seeks a reduced term of imprisonment that may be exceeded by time

6  served.  Under these circumstances, considerations of judicial economy are outweighed

7  by the potential prejudice to defendant, and a stay is not warranted.

8          Accordingly, the government's motion to stay the § 2255 motion is DENIED.

9          **IT IS SO ORDERED.**

10  Dated:  July 18, 2016

11  _____

12  PHYLLIS J. HAMILTON
    United States District Judge