UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>TIMOTHY WAYNE PHILLIPS,<br>　　　　Defendant. | Case No. 06-cr-00179-PJH-1<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 110 |

　　　　Before the court is the motion of defendant Timothy Wayne Phillips pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence on the ground that his sentence under the career offender guideline has been rendered invalid by the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  In light of the Supreme Court's ruling in *Beckles v. United States*, No. 15-8544, 2017 WL 855781 (March 6, 2017), that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause, defendant's pending § 2255 motion to vacate, set aside, or correct sentence is summarily DENIED.  Dkt. no. 110.  Accordingly, the government's unopposed motion to dismiss is DENIED AS MOOT.  Dkt. no. 133.

　　　　Because defendant fails to make "a substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2) in light of *Beckles*, the court DENIES a certificate of appealability.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that

1  reasonable jurists would find the district court's assessment of the constitutional claims
2  debatable or wrong.").
3  **IT IS SO ORDERED.**
4  Dated: March 16, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge